718

On respondent's petition for reconsideration filed November 19, 1975. Former opinion filed October 20, 23 Or App 136, 541 P2d 829 (1975), former opinion adhered to December 29, 1975, petition for review allowed January 13, 1976

## STATE OF OREGON, *Respondent, v.* DONALD DEE DOWELL (No. 74-2314-C-2), *Appellant.*

543 P2d 1078

Gary D. Babcock, Public Defender, and John K. Hoover, Deputy Public Defender, Salem, for appellant.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, for respondent.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

In its petition for reconsideration the state contends that we erred in our previous opinion

"[i]n holding that no foundation questions need be asked before a witness can be impeached by calling other witnesses to prove acts showing bias * * *."

We do not read our opinion as so holding.

In our opinion we said that the hush money incident involving a victim-witness was neither a prior wrongful act nor an act showing bias, but an act reflecting on the character and credibility of the victim-witness. Wigmore classifies this type of evidence as evidence of "corruption." IIIA Wigmore, Evidence § 956 (Chadbourn rev 1970). McCormick employs "bias" as a broader category, including "interest" and "corruption" within it. McCormick, Evidence 78, § 40 (2d ed 1972).

■ But regardless of whether the hush money incident in question is viewed as evidence of bias, as the state argues, or evidence reflecting on "character and credibility," as we stated in our earlier opinion, we believe that usually opposing counsel should confront the witness with the impeaching incident on cross-examination.

■ It is still our conclusion, however, that the manner by which defense counsel in the case at bar chose to prove the incident was equally proper. The rationale behind the rule which requires questioning of the witness regarding the incident on cross-examination is to confront the witness directly with the incident,

giving the witness a chance to admit or explain it. *State v. Ellsworth,* 30 Or 145, 153-54, 47 P 199 (1896). *See,* McCormick, Evidence 78, 80, § 40 (2d ed 1972).

In the case at bar defense counsel did not so inquire on cross-examination but instead chose to confront the witness with the incident directly by calling her as the defendant's own witness. Confronting a witness in this manner rather than earlier on cross-examination is permissible because it meets the necessary precondition—direct confrontation of the witness with the incident, giving the witness an opportunity to explain.

Former opinion adhered to.